IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

ALEX RAHMI,

       Appellant,

v.                                                CIVIL ACTION NO. 3:13-CV-179
                                                (JUDGE GROH)

SANTANDER BANK, N.A.,

       Appellee.

### ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 16, 2014 ORDER

On January 7, 2014, the Court dismissed Appellant Alex Rahmi's appeal for failure to prosecute after Appellant failed to show cause explaining his failure to meet the deadline to file his brief pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1).  Pursuant to Bankruptcy Rule 8009, Appellant was required to "serve and file a brief within 14 days after entry of the appeal on the docket . . . ."  See Fed. R. Bank. P. 8009(a)(1).  On December 13, 2013, the Clerk of Court provided notice to the *pro se* Appellant that he must file his brief within fourteen days from the date his bankruptcy appeal was filed.  In this case, Appellant's brief was due on December 30, 2013, and Appellant failed to file his brief.

On January 15, 2014, after the Court weighed the factors in In re SPR Corp., 45 F.3d 70 (4th Cir. 1995) and determined dismissal was appropriate for Appellant's failure to timely file his brief, Appellant requested that this Court permit him to file his brief by January 30, 2014 [Doc. 10].  Pursuant to Bankruptcy Rule 9006(b)(1), because Appellant filed his

motion for an extension of time *after* the expiration of the fourteen day period, he was required to demonstrate "excusable neglect" before the Court granted an extension. Fed. R. Bank. P. 9006(b)(1). "Excusable neglect constitutes the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." In re Ryan, 350 B.R. 632, 634 (D.S.C. 2006) (quoting In re Jackson, 98 B.R. 738, 742 (Bankr. D. Md. 1986)). Appellant did not allege that he had no notice of the date through no fault of his own, which has been deemed excusable neglect. See id. Instead, in Appellant's January 15, 2014 motion, he stated his brief was not timely filed because he was obtaining the transcript from an October 17, 2013 hearing.

In the Court's January 16, 2014 Order, it found that Appellant's delay in obtaining the transcript did not constitute excusable neglect. The Court found that Appellant had notice of the filing deadlines and his failure to timely file was the result of his negligence, not excusable neglect. Appellant had an opportunity to explain the delay when the Court issued an Order to Show Cause and he subsequently filed a "Motion Seeking Extension to File Brief and Show Cause." However, Appellant failed to articulate one reason that would constitute justification or excuse for the delay in filing his brief or the delay in filing his motion seeking extension of the deadline to file his brief. The Court, in its Dismissal Order, considered the impact of dismissing the appeal, and found that dismissal was the most appropriate sanction.

On February 12, 2014, Appellant filed a motion pursuant to Federal Rule of Civil Procedure 60(b) requesting the Court reconsider its January 16, 2014 Order denying Appellant's motion for extension of time to file his brief. Appellant also attached a medical record to his motion for reconsideration that shows he had a doctor's appointment on

January 28, 2014 where he was diagnosed with bleeding hemorrhoids.

Before a party may seek relief under Rule 60(b), a party must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party has satisfied the initial inquiry, the moving party must demonstrate at least one of the six listed grounds in Rule 60(b). Werner, 731 F.2d at 207. Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds therefor to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted).

In this case, Appellant has failed to satisfy his burden under Rule 60(b). Appellant requests this Court reconsider its January 16, 2014 Order based on grounds of "excusable neglect."  As discussed above, Appellant argues that the attached medical record demonstrates "excusable neglect" because his medical deficiency commenced December 28, 2013. Although Appellant states his medical condition began on December 28, 2013

3

and his brief was due December 30, 2013, Appellant does not explain how the onset of his medical condition prevented him from timely filing his brief or timely filing a motion to request an extension of the deadline for filing his brief.[1]

Accordingly, the Court **ORDERS** that Appellant's Motion for Reconsideration is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to send a copy of this Order to all counsel of record and the *pro se* Appellant by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED:** February 18, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Appellant failed to raise his medical condition in the January 15, 2014 motion he filed with this Court. Instead, Appellant argued that his brief was not timely filed because he was waiting to receive a transcript.

4